IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1830−SMY |
| | ) | |
| KYLE A. BRUMLEVE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Johnson, an inmate who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Amended Complaint, Plaintiff alleges he was kneed and slapped by Defendant Kyle A Brumleve. He asserts claims against the defendant under the Eighth Amendment, and seeks declaratory judgment, monetary damages, and injunctive relief.

Plaintiff initially advanced the claims that form the basis for this lawsuit in Case No. 18-cv-1374-NJR; originally filed in the Northern District of Illinois on September 21, 2017. The case was transferred to this district on June 27, 2018. Plaintiff filed a First Amended Complaint on October 3, 2018. The Court determined that several of Plaintiff's claims were mis-joined and severed those claims into this action on October 5, 2018. (Doc. 1).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations relative to the claims proceeding in this action: Plaintiff had a legal call on July 28, 2017. (Doc. 2, p. 13). Brumleve came to escort Plaintiff back to his cell. *Id*. As Plaintiff was walking, Brumleve slapped him on the right side of his face and jaw. *Id*. Plaintiff fell to his knees. Brumleve told him to "get yo pussy ass up snitch," and then kneed him in the stomach. *Id*.

The severance order designated the following claims for this action:

**Count 15:** Brumleve subjected Plaintiff to excessive force on July 28, 2017 by slapping him and kneeing him while he was cuffed, in violation of the Eighth Amendment;

**Count 16:** Brumleve intentionally inflicted emotional distress upon Plaintiff on July 28, 2017 by verbally abusing him and slapping him and kneeing him while he was cuffed in violation of Illinois law.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

Plaintiff's allegations that he was physically struck while handcuffed state a colorable claim for relief under the theory that Brumleve's use of force was excessive. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Plaintiff has also sufficiently stated a claim for intentional infliction of emotional distress under Illinois state law. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). Accordingly, Counts 15 and 16 survive threshold review and the Court will order Brumleve served.

**Disposition**

**IT IS HEREBY ORDERED** that Counts 15 and 16 survive threshold review.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Brumleve: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/10/2018**

s/ STACI M. YANDLE
**U.S. District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. After defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.